CONNER,
concurring specially.
I concur with the majority opinion that Dennard is not entitled to a new sentencing hearing because there is no manifest injustice.
I write to agree with Judge Warner that section 921.0024(2), Florida Statutes (1999), is unclear on how a sentence should be imposed in cases where there are multiple offenses for sentencing and the sentencing points result in a lowest permissible sentence (LPS) above the statutory maximum for the primary offense. This case exemplifies out the problem because Dennard was convicted of the same two offenses, either one of which could be considered the primary offense. One could read the statute to require the trial court to impose 16.15 years for each offense. Because the statute also allows for concurrent or consecutive sentencing, one could argue that the trial court had only two choices for sentencing Dennard: impose a total of 16.15 years in prison (by imposing the sentences concurrently) or a total of 32.3 years in prison (by imposing the sentences consecutively). However, there is *1057 language in the statute which indicates to me that in the context of sentencing for two counts of the same offense, the legislature did not intend for the sentencing court to have only two narrow options.
Section 921.0024(2) provides:
The total sentence points shall be calculated only as a means of determining the lowest permissible sentence. The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively. However, any sentence to state prison must exceed 1 year. If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed.
The problem in this case lies with the last sentence. Do the words “the sentence required by the code must be imposed” refer to each offense for sentencing or to the primary offense? In the context of this case, I think the second sentence of the statute is pivotal. It refers to “the permissible range for sentencing,” and it refers to sentencing “for the primary offense and any additional offenses.” Thus, I read the application of the statute differently than Judge Warner.
I read the second and last sentences in pari materia. Although not explicit, I contend the legislature intended the last sentence to refer only to the primary offense, since under the Criminal Punishment Code scoring system, there can be only one primary offense. § 921.0021(4), Fla. Stat. (1999) (“Only one count of one offense before the court for sentencing shall be classified as the primary offense.”).
Thus, as I interpret the statute, the trial court was required to sentence Dennard to 16.15 years for the primary offense. As to the second offense, the trial court was free to impose any sentence from no incarceration with probation all the way up to fifteen years of prison, consecutively or concurrently.
I concede that my interpretation of the statute allows for the possibility that Den-nard could have receive a total sentence of 31.15 years in prison (16.15 years on the primary offense and 15 years on the second offense). It also allows more options than the limited two options of 16.15 years or 32.3 years in prison discussed above.
Judge Warner’s interpretation of the statute has merit. Obviously, the legislature needs to clarify its intent as to the application of the last sentence in section 921.0024(2).